SUCCESSION OF ROSICH, PLAINTIFF AND APPELLEE, *v.* LLORENS ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action of Debt.

No. 1436.—Decided December 19, 1916.

DEBT—HEIRS—PARTITION—JOINT ACTION.—The duly designated heirs and successors of the deceased may bring an action jointly for the recovery of a debt due to the estate, although the estate may not have been partitioned, for they are presumptively the owners of the same.

ID.—ID.—RESPONSIBILITY OF HEIRS—DEBTORS.—When all the heirs join in an action and recover a debt due to the estate, they are responsible *pro indiviso*

to any creditor. The rights of the debtors in such a case are protected when payment is made to the heirs.

The facts are stated in the opinion.

*Messrs. Llorens & Canales* for the appellants.

The appellee did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint before us recited in substance that Antonio Rosich, in the divorce proceeding between himself and Oliva Colón, was awarded a share of $755 and his wife a share of $405, both shares being supposed to make up a note of $1,100, executed originally by Luis Llorens *et al.*, the defendants, in favor of the said Antonio Rosich. Antonio Rosich died. His widow and his three children were duly declared his heirs and they brought this suit to recover the said sum of $1,100 and interest. A demurrer was filed to the complaint and overruled. The defendants answered, setting up a counter-claim. The case went to trial and the court found in favor of the complainants. The only error relied upon on appeal is the overruling of the demurrer and the specific ground of exception is that the complaint fails to show who is the real present owner of the said credit of $1,100. The appellants maintain that the complaint fails to set out to whom the said credit was awarded, whether to the widow, one of the children, or a creditor. The complaint in this regard says:

"That in the distribution of the property which was made, due to the divorce proceedings between Antonio Rosich and his wife, Oliva Colón, a share of $405 was awarded to her in that credit, and the remaining sum of $755 was awarded to Antonio Rosich. Rosich died subsequently on December 22, 1913, leaving as sole heirs his widow, Oliva Colón, and his children Margarita, Julio Félix and Clara Rosich y Colón, as appears, from the order made by this court on January 29, 1914, and therefore that said portion *pro indiviso* belongs to said heirs."

We think that the heirs are presumptively the owners *pro indiviso* as stated in the complaint. The appellants are

mistaken when they urge that this court has decided that it is only the partition of a decedent estate that gives right to a title in each of the heirs. All that this court has decided is that before reivindication may be begun for a particular piece of real estate, the complainant must have a title to the said specific piece; otherwise, the judgment might not be capable of being put into execution. But a different case is presented when all the heirs join in a suit. The heirs represent the decedent and succeed to him and, recovering in a suit, they would be responsible *pro indiviso* to any creditor. So that the debtors are protected in paying to the heirs duly declared and the complaint may not be attacked on this ground. The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.